11 So.2d 392

**ROWELL v. STATE.**

**4 Div. 714.**

Court of Appeals of Alabama.

Nov. 17, 1942.

Rehearing Denied Jan. 12, 1943.

L. C. Powell, pro se.

Wm. N. McQueen, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon submission of this case in this court, the Attorney General, representing the State, made the following motion to strike the bill of exceptions:

"Comes the State of Alabama, appellee in the above styled cause, by and through Thos. S. Lawson, Attorney General, and moves this Honorable Court to strike the bill of exceptions filed in this cause, and for grounds therefor says:

"1. That it affirmatively appears that there has been no compliance with Section 822 of Title 7 of the Code of 1940 in that the bill of exceptions was not presented to the trial judge or filed with the clerk of the trial court within ninety days from the date appellant's motion for a new trial was overruled.

"2. That it affirmatively appears of record that judgment of conviction in said cause was entered on, to-wit, October 28, 1941 (Tr. 3); that a motion for a new trial was overruled on, to-wit, November 27, 1941 (Tr. 26); that said bill of exceptions was not presented to the trial judge or filed with the clerk of the trial court until February 26, 1942 (Tr. 27), thus conclusively showing that no compliance has been had with Section 822 of Title 7 of the Code of Alabama 1940.

"3. That it affirmatively appears of record that judgment in said cause was ren-

dered on, to-wit, October 28, 1941 (Tr. 3); that defendant, on, to-wit, October 29, 1941 filed a motion for a new trial, which was overruled on, to-wit, November 27, 1941 (Tr. 26); that defendant did not present his bill of exceptions to the trial judge until February 26, 1942 (Tr. 28), which was more than ninety days after the date of the overruling of his motion for a new trial, and thus conclusively showing that there has been no compliance with Section 822 of Title 7 of the Code of Alabama 1940.

"4. That it affirmatively appears of record that judgment in said cause was rendered on, to-wit, October 28, 1941 (Tr. 3); that defendant, on, to-wit, October 29, 1941 filed a motion for a new trial, which was overruled on, to-wit, November 27, 1941 (Tr. 26); that defendant did not file his bill of exceptions with the clerk of the trial court within ninety days after the date of the overruling of his motion for a new trial, thus conclusively showing that there has been no compliance with Section 822 of Title 7 of the Code of Alabama 1940."

■ From an examination of the bill of exceptions and the endorsements thereon, we find that the grounds of the motion to strike, supra, are properly and correctly stated. Said motion, perforce, must prevail. The said motion to strike in this case is granted, and the bill of exceptions is accordingly stricken.

We note, from the record, the indictment contained three counts, and that verdict of the jury was guilty as charged in count one. Said count charged the defendant (appellant) with the offense of embezzlement under Title 14, Section 133 of the 1940 Code of Alabama. The trial court adjudged the defendant guilty in accordance with the verdict of the jury, and judgment of conviction was duly pronounced and entered, the defendant being sentenced to imprisonment in the penitentiary for a term of two years. From said judgment this appeal was taken.

No briefs have been filed in this case, and the motion to strike the bill of exceptions is uncontroverted.

■■ Under above status, the only duty devolving upon this court is the examination of the record proper as to the regularity of the proceedings of the trial in the court below. We find the record regular and without apparent error thereon. It fol-

lows, therefore, that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.